IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE, TENNESSEE

| | |
|---|---|
| SONY/ATV MUSIC PUBLISHING LLC, a Delaware Limited Liability Company, SONY/ATV TUNES LLC, a Delaware Limited Liability Company d/b/a "SONY/ATV HARMONY", SONY/ATV SONGS LLC, a Delaware Limited Liability Company d/b/a "SONY/ATV MELODY," SONY/ATV SOUNDS LLC, a Delaware Limited Liability Company d/b/a "SONY/ATV RHYTHM," SONY/ATV DISCOS MUSIC PUBLISHING LLC, a Delaware Limited Liability Company and SONY/ATV LATIN MUSIC PUBLISHING LLC, a Delaware Limited Liability Company,<br><br>Plaintiffs,<br><br>vs.-<br><br>KTS KARAOKE, INC. a California corporation, d/b/a "KTSKARAOKE.COM" and TIMMY SUN TON, Individually,<br><br>Defendants. | Case No.<br><br>Judge<br><br>Magistrate Judge<br><br>**JURY DEMAND**<br><br>**COMPLAINT FOR INJUNCTION AND DAMAGES** |

NOW COME the Plaintiffs, SONY/ATV MUSIC PUBLISHING LLC, a Delaware Limited Liability Company, SONY/ATV TUNES LLC, a Delaware Limited Liability Company d/b/a "SONY/ATV HARMONY", SONY/ATV SONGS LLC, a Delaware Limited Liability Company d/b/a "SONY/ATV MELODY," SONY/ATV SOUNDS LLC, a Delaware Limited Liability Company d/b/a "SONY/ATV RHYTHM," SONY/ATV DISCOS MUSIC PUBLISHING LLC, a Delaware Limited Liability Company and SONY/ATV LATIN MUSIC PUBLISHING LLC, a Delaware Limited Liability Company, (herein "Plaintiffs"), by and through their attorneys, Timothy L. Warnock and Howell G. O'Rear, Riley, Warnock & Jacobson, PLC, and for their **COMPLAINT FOR INJUNCTION AND DAMAGES** for

copyright infringement against Defendants, KTS KARAOKE, INC. a California corporation, and TIMMY SUN TON, Individually, (hereinafter, "KTS Defendants") state as follows:

## JURISDICTION AND VENUE

1. This is an action for copyright infringement arising under the Copyright Act, 17 U.S.C. §§ 101 *et seq.* This Court has jurisdiction of this action under 28 U.S.C. §§ 1331, 1338(a) and 1338(b), and under its supplemental jurisdiction.

2. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(a) and 1400(b).

## THE PARTIES

3. Plaintiff, SONY/ATV MUSIC PUBLISHING LLC, is a Delaware limited liability company, with an office for licensing and administration of its music copyrights located at 8 Music Square West, Nashville, Tennessee 37203.

4. Plaintiff, SONY/ATV TUNES LLC, is a Delaware limited liability company doing business as "SONY/ATV HARMONY," with an office for licensing and administration of its music copyrights located at 8 Music Square West, Nashville, Tennessee 37203.

5. Plaintiff, SONY/ATV SONGS LLC, is a Delaware limited liability company doing business as "SONY/ATV MELODY," with an office for licensing and administration of its music copyrights located at 8 Music Square West, Nashville, Tennessee 37203.

6. Plaintiff, SONY/ATV SOUNDS LLC, is a Delaware limited liability company doing business as "SONY/ATV RHYTHM," with an office for licensing and administration of its music copyrights located at 8 Music Square West, Nashville, Tennessee 37203.

7. Plaintiff, SONY/ATV DISCOS MUSIC PUBLISHING LLC, is a Delaware limited liability company with an office for licensing and administration of its music copyrights located at 8 Music Square West, Nashville, Tennessee 37203.

8. Plaintiff, SONY/ATV LATIN MUSIC PUBLISHING LLC, is a Delaware limited liability company with an office for licensing and administration of its music copyrights located at 8 Music Square West, Nashville, Tennessee 37203.

9. Defendant KTS KARAOKE, INC. (d/b/a "KTSKARAOKE.COM" and "DTS KARAOKE")(hereinafter, "KTS KARAOKE"), is a California corporation with its principal offices located at 4901 Huntington Dr., N. Los Angeles, CA 90032. KTS KARAOKE is involved in the distribution and sale of karaoke equipment including, but not limited to some of the unlicensed karaoke products at issue in this litigation and is doing business throughout the United States, including the State of Tennessee and in the Middle District in Nashville. KTS KARAOKE operates an interactive Internet website known as www.ktskaraoke.com, which distributes, advertises, promotes and sells various karaoke recordings and hardware throughout the United States and the world, including the Middle District of Tennessee.

10. Defendant TIMMY SUN TON individually ("TON") is, upon information and belief, a California resident and the Chairman and Chief Executive Officer of KTS KARAOKE. TON resides at 18435 La Cortita Street, Rowland Heights, CA 91748. Defendant TON individually participates in the unlawful distribution and sale of unlicensed karaoke products, some of which are at issue in this litigation, by virtue of his authorizing such infringing conduct and personally participating in receiving financial benefits as a result of his ownership of KTS KARAOKE and the revenues derived from the illegal distribution and sales of unlicensed recordings via the www.ktskaraoke.com website and other sales.

11. This Court has jurisdiction over each Defendant because the tortious acts alleged herein have occurred and caused injury within the jurisdiction of this Court and because of Defendants' systematic and continuous advertising, distribution and sale of infringing recordings of one or more of Plaintiffs' music copyrights within this jurisdiction. Specifically, the KTS Defendants have been doing business in the Middle District of Tennessee through the advertising, sale, and distribution of infringing karaoke recordings via interactive Internet websites to residents in the Middle District of Tennessee.

## FACTUAL BACKGROUND

12. Karaoke, which means "empty orchestra" in Japanese, is a multi-million dollar business. Most of its revenue derived in the United States is from sales of recordings of popularized music through various national distributors and "authorized dealers", ultimately to consumers for home use. The KTS Defendants are among the leading competitors in the business.

13. Karaoke "CD+G," "SCD+G" and "DVD" recordings are re-recordings of hit songs with the lead vocal tracks either omitted (instrumental), so that the consumer can "sing along" as if he/she were the lead singer or, in the alternative, with a vocal track sung by sound-alike artists (learning track) which in some formats can be muted upon playback so that the karaoke recording may be listened to either with or without a lead vocal accompaniment. These products are recorded and encoded to provide a contemporaneous video display of the lyrics to the song for the consumer to sing along.

14. The KTS Defendants utilize interactive websites, in conjunction with a display of the individual song titles contained on each disc and an offer to sell such discs at specific prices to stimulate or induce the purchase of a karaoke disc or individual karaoke recording, to

4

advertise, distribute and sell various brands of unlicensed karaoke discs, machines and other hardware. The functionality of the websites also permits a visitor to the website to effectuate an actual purchase of such products by clicking on an "ADD TO CART" icon and completing the purchase transaction with a credit card or utilizing "PayPal®" service, all in violation of the exclusive distribution rights of the copyright owners such as the Plaintiffs in this case. The KTS Defendants also utilize interactive social networking sites such as Facebook and Twitter to promote and advertise unlicensed recordings of the Subject Works.

15. A fundamental legal requirement for recording copyrighted material for purposes of producing a karaoke record is a license for exploitation of the song, which must be obtained from the owner/administrator of the copyright, which may be either the songwriter, his agent, a "music publisher," "publisher" or "administrator." Plaintiffs are music publishers that own or control, in whole or in part, the copyrights in thousands of well known and popular music compositions that have been recorded, reproduced, distributed, marketed, advertised, "sampled" and sold without Plaintiffs' authorization by the various Defendants' karaoke businesses. Plaintiffs are in the business of owning, administering and licensing the rights to record, reproduce, distribute, advertise, publicly perform or otherwise exploit such copyrighted musical works, in exchange for the payment of royalties. Plaintiffs have not licensed the Defendants to engage in the activities complained of herein.

16. Karaoke recordings, unlike audio only phono-record recordings, require "synchronization" or karaoke licenses for the graphic display of lyrics that appear on a monitor in a synchronized presentation with the recorded music. The synchronization or karaoke license typically grants rights for a mechanical reproduction of the musical composition, the use of the lyrics in synchronized graphic display, the advertising and/or promotional use of the

5

composition, and may include a "print" permission for reproduction of the song's lyrics on lyric booklets or inserts in the karaoke package. Every one of these individual licenses are required for Karaoke recordings that exploit these rights to be non-infringing.

17. Pursuant to typical synchronization and product licenses, karaoke companies are required to pay fixing fees and/or administration fees, advances against future royalties, and account and pay royalties based upon the total number of units manufactured, usually on a quarterly basis. The customary rates for physical synchronization licenses are fairly standardized; the rates for product and other licenses vary considerably.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

18. Plaintiffs are the owners/administrators of the music copyrights, in the original musical compositions, identified on the schedules attached hereto as Exhibits "1" – "8." For the purposes of Plaintiffs' claims, the list of musical compositions identified on the attached Exhibits "1" - "8" shall be referred to as the "Subject Works." Exhibits "1" - "7" identify the unlicensed karaoke recordings by the unlicensed brand name and, with respect to Exhibit "8," provide in most instances the identity of the artist in whose style the particular recording was popularized.

19. All of the Subject Works identified herein contain material wholly original and are copyrightable subject matter under the laws of the United States.

20. Plaintiffs are informed and believe, and on that basis allege, since *at least* as early as 2008, each of the KTS Defendants has been variously participating from time to time in the manufacture, reproduction, distribution, advertising, promotion and offering for sale for the purpose of inducing purchases of illegal and unauthorized copies of the Subject Works. The unauthorized copies have been in the form of "karaoke" type recordings, to the extent that such works have been in existence from time to time. Such recordings largely have been in either the

"CDG," "CD+G," "SCDG," "SCD+G" or "DVD" format for discs and Internet downloads. A single disc can contain hundreds of unlicensed recordings of copyrighted compositions.

21. The KTS Defendants have procured the various brands of unlicensed recordings of the Subject Works ultimately from unrelated, upstream manufacturing entities. The upstream manufacturers, being unrelated, are not jointly and severally liable for copyright infringement with one another and, as such, the separately made recordings appearing on different brands are separate infringements.

22. The KTS Defendants, as a separate and additional course of infringement, have been advertising, distributing and selling various karaoke machines which contain unlicensed recordings of copyrighted works on the hard drives and/or memory chips contained in the machines. Specifically, the Works identified on Exhibit "8" attached hereto are owned or controlled, in whole or in part, by the Plaintiffs herein and, though unlicensed, appeared on the "Super Capacity-Professional Midi Karaoke Player" which was advertised, distributed and sold by the KTS Defendants.

23. The advertising of the KTS Defendants, whether by facsimile, Internet, direct mail, or other electronic means, materially contributes to the infringement of the Plaintiffs' exclusive distribution and reproduction rights to the Subject Works and materially contributes to Plaintiffs' injury.

24. The conduct of the Defendants constitutes direct, contributory and vicarious infringement of Plaintiffs' music copyrights, depending upon the specific conduct in question. The natural, probable and foreseeable result of Defendants' wrongful conduct has been and will continue to be to deprive Plaintiffs of the benefits of selling the Subject Works, to deprive Plaintiffs of the usual and customary royalties to which they would be entitled if the Subject

7

Works were properly licensed with synchronization licenses, karaoke licenses or advertising/promotional licenses, and to deprive Plaintiffs of goodwill.

## CLAIM FOR COPYRIGHT INFRINGEMENT
## 17 U.S.C. §§ 101, ET SEQ.

### (Copyright Infringement and Willful Copyright Infringement vs. KTS Defendants)

25. Plaintiffs reallege each and every allegation set forth in paragraphs 1 through 24, inclusive, as though fully set forth herein, as and for this paragraph 25, and incorporates them herein by this reference.

26. By their actions alleged above, Defendants have infringed and will continue to infringe Plaintiffs' copyright interests in and relating to those Subject Works identified on Exhibits 1, 2, 3, 4, 5, 6, 7 and 8 attached hereto, relating to the distribution, advertising, recording and placing upon the market products which contain unauthorized recordings of the songs and graphic displays of the lyrics of the copyrighted Subject Works. Exhibits 1, 2, 3, 4, 5, 6, and 7 specifically identify the particular copyrights owned or administered by Plaintiffs contained on the unlicensed brands of karaoke recordings identified as *"Legends," "Star Disc," "Northstar," "Backstage," "Radio Starz," "Pop Hits Monthly"* and *"Quick Hitz"* respectively, which have been unlawfully advertised, distributed and sold by the Defendants. By their further actions Defendants have infringed and will continue to infringe Plaintiffs' copyright interests in and relating to those Subject Works identified on Exhibit "8" arising from the distribution, advertising and placing upon the market the "Super Capacity-Professional Midi Karaoke Player" which contained unauthorized recordings of the songs and/or graphic displays of the lyrics of the copyrighted Works identified on Exhibit "8."

27. Alternatively, Defendants have materially contributed to and induced the unlawful use of Plaintiffs' Subject Works on karaoke recordings, or have failed to exercise their respective rights and abilities to control the conduct of those responsible for the infringement, thereby deriving a financial benefit from the infringement.

28. Defendants have infringed Plaintiffs' exclusive rights to the Subject Works and Defendants' conduct was intentional and willful and undertaken with a complete disregard of Plaintiffs' rights. Alternatively, Defendants' conduct was undertaken with actual or constructive notice that it was in violation of Plaintiffs' rights and done nevertheless in reckless disregard of Plaintiffs' copyright interests.

29. Plaintiffs are entitled to an injunction restraining the Defendants, their officers, agents and employees, and all persons acting in concert with them, from engaging in any further such willful acts in violation of the copyright laws.

30. Plaintiffs are further entitled to recover from the Defendants the damages, including attorneys' fees, they have sustained and will sustain, and any gains, profits and advantages obtained by the Defendants as a result of their acts of infringement alleged above. At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Plaintiffs. Alternatively, Plaintiffs are entitled at their election to an award of statutory damages, attorney's fees and costs based upon the Defendants' acts of infringement alleged above.

WHEREFORE, the Plaintiffs, SONY/ATV MUSIC PUBLISHING LLC, SONY/ATV TUNES LLC, SONY/ATV SONGS LLC, SONY/ATV SOUNDS LLC, SONY/ATV DISCOS MUSIC PUBLISHING LLC and SONY/ATV LATIN MUSIC PUBLISHING LLC, respectfully pray this Honorable Court for entry of judgment in their favor or an order providing the

following relief against the Defendants, KTS KARAOKE, INC., a California corporation and TIMMY SUN TON, Individually, as follows:

a. That the Court finds that the Defendants have infringed Plaintiffs' copyright interests in the Subject Works identified on Exhibits 1, 2, 3, 4, 5, 6, 7, and 8 attached hereto and associated with the brands identified on said respective Exhibits.

b. That the Court finds a substantial likelihood that the Defendants will continue to infringe Plaintiffs' copyright interests in the Subject Works identified on Exhibits 1, 2, 3, 4, 5, 6, 7, and 8 attached hereto, unless enjoined from doing so.

c. That Defendants, their directors, officers, agents, servants, employees and all other persons in active concert or privity or in participation with them, be enjoined from directly or indirectly infringing Plaintiffs' copyrights in the Subject Works or continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop or manufacture any works derived or copied from the Subject Works or participate or assist in any such activity.

d. That Defendants, their directors, officers, agents, servants, employees and all other persons in active concert or privity or in participation with them, be enjoined and compelled to return to Plaintiffs any and all originals, copies, facsimiles, or duplicates of the Subject Works in their possession, custody or control.

e. That Defendants, their directors, officers, agents, servants, employees and all other persons in active concert or privity or in participation with them, be enjoined and compelled to recall from all distributors, wholesalers, jobbers, dealers, retailers and distributors, and all others known to Defendants, any originals, copies, facsimile, or

duplicates of any works shown by the evidence to infringe any copyright in the Subject Works.

f. That Defendants be enjoined and compelled to deliver upon oath, to be impounded during the pendency of this action and destroyed pursuant to judgment herein, all originals, copies, facsimiles, or duplicates of any work shown by the evidence to infringe any copyright in the Subject Works.

g. That Defendants be required to file with the Court and to serve on Plaintiffs, within 30 days after service of the Court's order as herein prayed, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the Court's order.

h. That judgment be entered for Plaintiffs and against Defendants for Plaintiffs' actual damages according to proof, and for any profits attributable to infringements of Plaintiffs' copyrights, in accordance with proof.

i. Alternatively, and upon Plaintiffs' election, that judgment be entered for Plaintiffs and against Defendants for statutory damages based upon Defendants' acts of infringement and willful infringement, pursuant to the Copyright Act, 17 U.S.C. §§ 101 *et seq.*

j. That Defendants be required to account for all gains, profits, and advantages derived from their acts of infringement and for their other violations of law.

k. That all gains, profits and advantages derived by Defendants from their acts of infringement and other violations of law be deemed to be held in constructive trust for the benefit of Plaintiffs.

l. That Plaintiffs have judgment against Defendants for Plaintiffs' costs and attorneys' fees.

m. That the Court grant such other, further, and different relief as the Court deems proper under the circumstances.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues triable to a jury.

Respectfully Submitted,

*signature*

Timothy L. Warnock (BPR #12844)
Howell G. O'Rear (BPR #26509)
Riley, Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
Ph.: 615-320-3700
Fax: 615-320-3737
twarnock@rwjplc.com
horear@rwjplc.com

*Attorneys for Plaintiffs,*
*SONY/ATV MUSIC PUBLISHING LLC, et al.*