IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SONY/ATV MUSIC PUBLISHING, )
LLC, et al. )
) NO. 3-12-0089
v. ) JUDGE CAMPBELL
)
KTS KARAOKE, INC. )

MEMORANDUM

Pending before the Court is Defendant's Motion to Dismiss the Complaint or Alternatively to Transfer Case to the Central District of California (Docket No. 9). For the reasons stated herein, Defendant's Motion to Dismiss is DENIED, and Defendant's Motion to Transfer is GRANTED.

FACTS

This action alleges copyright infringement by Defendants in their allegedly illegal and unauthorized sale of karaoke recordings. Defendants have moved to dismiss Plaintiffs' action based upon a first-filed lawsuit pending in California and lack of personal jurisdiction. Alternatively, Defendants argue this case should be transferred to the U.S. District Court for the Central District of California, pursuant to 28 U.S.C. § 1404.

On December 23, 2011, counsel for the Plaintiffs sent a document entitled "Confidential Settlement Correspondence" to Defendants and their insurance agent, accusing Defendants of copyright infringement and offering to settle their potential claims. Docket No. 15-1. On January 3, 2012, prior to the filing of this action on January 19, 2012, Defendants herein filed a declaratory judgment action against Plaintiff Sony/ATV Music Publishing LLC in the Central District of

California, seeking a declaration of non-infringement and damages for unfair competition.[1] Now Defendants have moved to dismiss this action or transfer it to the California court where its first-filed suit is pending.

## DISCUSSION

The Court finds that this action should be transferred, pursuant to the "first-to-file rule" and pursuant to 28 U.S.C. § 1404(a), which provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The first-to-file rule is a doctrine of federal comity that promotes judicial efficiency. *Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F.Supp. 2d 686, 688 (E.D. Tenn. 2005). The rule provides that when duplicative lawsuits[2] are pending in separate federal courts, the entire action should be decided by the court in which the action was first filed. Id. The most basic aspect of the first-to-file rule is that it is discretionary. *Plating Resources, Inc. v. UTI Corp.*, 47 F. Supp.2d 899, 903 (N.D. Ohio 1999). There is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule. *Intersearch Worldwide, Ltd. v. Intersearch Group, Inc.*, 544 F.Supp.2d 949, 957 (N.D. Cal. 2008).

In determining whether actions are duplicative and the first-to-file rule applies, courts consider (1) the chronology of the actions; (2) the similarity of the parties involved; and (3) the

---

[1] *KTS Karaoke, Inc. v. Sony/ATV Music Publishing, LLC*, Case No. CV12-0014.

[2] Duplicative lawsuits are those in which the issues have such an identity that a determination in one action leaves little or nothing to be determined in the other. *Fuller*, 370 F.Supp.2d at 688.

2

similarity of the issues at stake. *Fuller*, 370 F.Supp.2d at 688. The parties and issues need not be identical. *Id.* Rather, the crucial inquiry is whether the parties and issues substantially overlap. *Id.*

The California action was clearly filed first - January 3, 2012 vs. January 19, 2012. The Court finds that the parties and issues of this case substantially overlap the parties and issues of the California action. Although the California action thus far involves only Defendants and Plaintiff Sony/ATV Music Publishing LLC, Plaintiffs have admitted that the other Plaintiffs herein are "related entities." Docket No. 14, p. 19. There has been no demonstration that Plaintiffs could not bring claims on behalf of the related entities in the California action.

Because the claims arise from the same transactions or occurrences as the claims in California, Plaintiff may raise its claims herein as counterclaims in the California action, pursuant to Fed. R. Civ. P. 13. The central issue in both cases is whether Defendants have infringed Plaintiffs' copyrights through their karaoke recordings. The differences between the two actions are not sufficient to overcome the substantial similarities. Defendants' declaratory judgment and unfair competition[3] action and the allowable counterclaims, cross-claims and any third-party claims therein will determine the rights of the parties, settle the controversy at issue, and serve a useful purpose in clarifying the legal relations in issue. *Plough, Inc. v. Allergan, Inc.*, 741 F.Supp. 144, 147 (W.D. Tenn. 1990). Plaintiffs have not shown that their claims herein could not be brought in California.

Under the first-to-file rule, the suit which is first filed should have priority, absent a showing of a balance of convenience or special circumstances giving priority to the second suit. *800-Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F.Supp. 128, 132 (S.D. N.Y. 1994).

---

[3] Whether Defendants' unfair competition claim is preempted by federal copyright law, as Plaintiffs argue, can be determined by the California court.

3

Circumstances where an exception to the rule will arise include cases of bad faith, anticipatory suits, and forum shopping. *Plating Resources*, 47 F.Supp.2d at 905. Plaintiffs argue that Defendants filed their claims in California as an anticipatory suit or through forum shopping.

Defendant Ton is a California resident, and Defendant KTS is a California corporation with its principal place of business in California. Plaintiffs are all Delaware limited liability companies. Docket No. 1. Defendants were not forum shopping; they filed their action where they are and where they conduct their business. Defendants also assert that California is the location where all the alleged infringing activity took place. Plaintiffs do not deny that they conduct business and have a principal office in California. The Court finds no forum shopping by Defendants herein.

With regard to the anticipatory lawsuit argument, a party has the right to seek declaratory judgment where a reasonable apprehension exists that if it continues an activity, it will be sued by another party. *800-Flowers, Inc.,* 860 F.Supp. at 132. "Such an exercise of a party's right to declaratory relief does not necessarily constitute an anticipatory filing for purposes of an exception to the first-filed rule." *Id*.

A suit is anticipatory for the purposes of being an exception to the first-to-file rule if the plaintiff in the first action filed suit on receipt of specific, concrete indications that a suit by the defendant was imminent. *Intersearch*, 544 F.Supp.2d at 960. A letter which suggests the possibility of legal action, however, in order to encourage or further a dialogue, is not a specific, imminent threat of legal action. *Id*.

The Confidential Settlement Correspondence sent to Defendants includes numerous indications that Plaintiffs wish to *avoid* litigation, not that they are threatening litigation. For example, the letter states, at page one, that counsel has been authorized to initiate "what will

hopefully be a successful resolution process of their [Plaintiffs'] claims *without instituting litigation.*" Docket No. 15-1 (emphasis in original).  Counsel also asserts: "As I indicated at the outset of this letter, however, SATV has every intention of trying to resolve these claims amicably, without litigation, and at substantial savings of both time and money to all concerned." *Id*.  Finally, the correspondence states:

> I'm also authorized to inform you that in the event that we might not be able to promptly come to terms in direct negotiations, SATV is amenable to entering into mediation with a mutually agreed upon mediator. . .. The offer to mediate stands as well without the need for instituting suit, so that we might give every conceivable chance to a settlement without actually having to incur the expense, time commitment and distraction that inevitably occasions filing a lawsuit.

*Id*.

For these reasons, the Court, in its discretion, concludes that the appropriate course is to transfer this action to the California court handling the California action, pursuant to its inherent authority under the first-to-file rule.  *See Fuller*, 370 F.Supp. 2d. at 690-91.  In order to avoid duplication and in the interest of justice, this case should be transferred so the issues presented can be resolved in the earlier-filed action pending in California.  Therefore, the Court need not address the parties' other arguments concerning jurisdiction.

Alternatively, the Court finds, in its discretion, that this action should be transferred pursuant to 28 U.S.C. § 1404(a), which provides that for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought.  Plaintiffs do not deny that they have a principal office in the Central District of California and conduct business there.  The federal court in that District is one in which this action might have been brought.

5

Defendants assert, and Plaintiffs do not contest, that Defendant KTS is a small company with only two full-time employees. Defendants also claim that none of their suppliers are located in Tennessee, but one of their major suppliers is in California. Defendants contend that Plaintiffs will not be inconvenienced by litigating in California, but Defendants would be seriously inconvenienced by having to litigate in Tennessee.[4] Defendants state that Plaintiffs' witnesses are primarily employees under Plaintiffs' control, while Defendants will subpoena third-party witnesses, such as suppliers, who are outside the subpoena power of this Court.

Weighing the factors and circumstances, including the fact that the California action was filed first, the Court, in its discretion, alternatively finds that this matter should be transferred to the Central District of California.

## CONCLUSION

For all these reasons, Defendants' Motion to Dismiss is denied, and Defendants' Motion to Transfer is granted. Accordingly, this action is transferred to the U.S. District Court for the Central District of California, as related to the pending case of *KTS Karaoke, Inc. v. Sony/ATV Music Publishing, LLC*, Case No. CV12-0014.

IT IS SO ORDERED.

*[signature]*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

---

[4] Defendants argue that having to litigate in Tennessee would be very disruptive to their business, while Plaintiffs' business would not be interrupted at all by having to try these claims in California.